Richard S. Busch (TN Bar 14594)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone: (615) 726-5422
Facsimile: (888) 688-0482

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SONGS MUSIC PUBLISHING, LLC, | |
| Plaintiff, | |
| v. | Case No._____ |
| Dr. ING. H.C. F. PORSCHE AG, PORSCHE CARS NORTH AMERICA, Inc., And THE CRAMER-KRASSELT COMPANY | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| | **JURY DEMAND** |
| Defendants. | |

## **COMPLAINT**

Plaintiff Songs Music Publishing, LLC, ("Songs"), by its attorneys, for its Complaint against Dr. Ing. h.c. F. Porsche AG ("Porsche Germany"), Porsche Cars North America, Inc. ("Porsche North America") (collectively, "Porsche"), and The Cramer-Krasselt Company ("Cramer") (together, all defendants are referred to hereafter as "Defendants"), alleges upon knowledge as to its own acts and upon information and belief as to the acts of others, as follows:

## PARTIES

### Plaintiff

1. Plaintiff Songs is a Delaware corporation duly organized and existing under the laws of the State of Delaware and is located at 307 7th Avenue, Suite 2104, New York, New York, 10001. Songs is, and at all times relevant was, and continues to be, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights. Songs is a copyright owner of the musical composition "Jungle."

### Defendants

2. Defendant Dr. Ing. h.c. F. Porsche AG is headquartered in Stuttgart, Germany, manufactures and distributes Porsche automobiles, and has entered into an exclusive agreement with Porsche North America to import Porsche automobiles into the United States, including purposefully directing those products into Tennessee. Porsche Germany's corporate office is located at Porscheplatz, 1, D-70435, Stuttgart, Germany.

1. Defendant Porsche Cars North America, Inc. is a Delaware corporation. Porsche Cars North America, Inc. may be served via its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

2. Porsche has significant and regular business operations and dealerships throughout the Southeast United States, including four such major operations and dealerships in Tennessee (Memphis, Nashville, Knoxville, and Chattanooga). Upon information and belief, Porsche engaged defendant Cramer to create an advertisement for the Cayman 718 automobile (the "718 Advertisement"), worked together to create the 718 Advertisement, and then distributed and publically performed the infringing 718 Advertisement as part of its nationwide, and perhaps

2

worldwide, 718 Cayman advertising campaign, including intentionally directing performances of the infringing 718 Advertisement into and throughout the State of Tennessee.

3. Defendant The Cramer-Krasselt Company is a Delaware corporation with its principal place of business in Chicago, Illinois. Cramer may be served via its registered agent Business Filings Incorporated, at 108 West 13th St, Wilmington, Delaware 19801. On information and belief, Cramer worked with Porsche as partners to create the infringing 718 Advertisement, including creating the infringing musical composition embodied within it. On information and belief, Cramer and Porsche entered into advertising and distribution agreements purposefully directing the infringing 718 Advertisement into Tennessee, and the 718 Advertisement has been regularly and systematically performed in Tennessee from the spring of 2016 onward, in all forms of media, including but not limited to television, radio, and the internet, with more than 60,500 views on YouTube. While the 718 Advertisement was, upon information and belief, created in the United States, it has been distributed and broadcasted throughout the world.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. 101 *et seq.*), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

6. Personal jurisdiction over Defendants is proper in this jurisdiction on the grounds that, among other reasons, Defendants, Defendants' agents, and/or Defendants' personal representatives either maintain regular and systematic activities in Tennessee, including by virtue of Porsche maintaining and operating four dealerships in Tennessee, regularly entering into contracts to be performed in Tennessee, including contracts related to this action, and with respect

to the 718 Advertisement, purposefully directing the distribution of the advertisement into Tennessee, and having it systematically and regularly performed in Tennessee, including over broadcast television, radio, and the internet, so that citizens of Tennessee have seen and been exposed to the 718 Advertisement on a regular basis from on or before April 2016. Porsche North America also maintains registered agents for service of process within the State of Tennessee; and acting directly or indirectly, Defendants have transacted business in this state or contracted to supply services or things in this state, caused tortious injury by an act or omission in this state, caused tortious injury in this state by an act or omission outside this state of a person who regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the State of Tennessee. Service of process on any of Defendants without an address in Tennessee, or without an agent for service of process in Tennessee, is pursuant to the Tennessee long arm statute.

7. For those Defendants primarily based outside of the United States, given the presence of their dealerships located in Tennessee and exploitations of the Infringing Works in Tennessee, each could certainly reasonably anticipate being haled into a court in the U.S., and Tennessee specifically. Thus, jurisdiction could also be exercised constitutionally in this Court pursuant to Rule 4(k)(2).

## FACTUAL ALLEGATIONS

8. This action for copyright infringement arises from Defendants' infringement of Songs' exclusive rights to the copyrighted musical composition "Jungle" written by Sam Harris, Alexander Grant, Michael Gonzalez, and Jamie N. Commons, and originally contained on "The Reason – EP." The musical composition "Jungle" has been registered in the United States Copyright Office, having Copyright Registration Number PA0001952631.

4

9. The musical composition "Jungle" has been hugely successful and regularly licensed. "Jungle" has been featured in Beats' "The Game Before The Game" World Cup Clip, which had more than 31.8 million views as of November 25, 2016, and served as the soundbed for Netflix's *Orange is the New Black* Season 2 trailer, which had more than 9.7 million views as of the same date, and also was synched to the *Project Almanac* (previously titled *Welcome To Yesterday*) film trailer and appeared on the soundtrack for the film. Additionally, "Jungle" appeared on the soundtrack for the 2014 film Hercules, and in a European advertisement for TaylorMade drivers, which aired during the European PGA Tour. As of November 2016, "Jungle" had more than 11.5 million views on YouTube, and was certified Gold by the RIAA on November 19, 2015. "Jungle" also appears on the album *VHS*, which was certified Gold on May 26, 2016, and peaked at number 7 on the Billboard 200. Defendants had access to "Jungle" through all of the above commercial exploitation. As shown above, "Jungle" has been a hugely popular song for advertising and licensing purposes.

10. On or about March 29, 2015 Fiat Chrysler launched a worldwide ad campaign for its Jeep Renegade. The ad campaign included at least four spots predominately featuring X Ambassadors' number 1 hit song, "Renegades." The Jeep Renegade commercial aired nationwide and had a heavy rotation on television. "Renegades" appears on the album *VHS* with "Jungle" and the single was certified platinum by the RIAA on October 9, 2015. Porsche has attempted to cash in on X Ambassadors' proven successful work in creating the 718 Advertisement.

11. It is well known in the music industry that advertising agencies are notorious for using pre-existing music to create advertisements, and attempting to get away with doing so without properly licensing or paying for the intellectual property they have used. This practice deprives songwriters and publishers of their rightful credit and payment for use of their intellectual property.

5

Case 3:16-cv-03032   Document 1   Filed 11/25/16   Page 5 of 11 PageID #: 5

In this case, Porsche and Cramer, working together, created an advertising campaign that copies several quantitatively and qualitatively important portions of "Jungle." The copying of "Jungle" by these practical partners satisfies both the intrinsic and extrinsic test for copyright infringement, and is obvious to any ordinary observer. It is blatant copyright infringement, and was used by these Defendants to help sell automobiles, and, upon information and belief, was successful in doing so.

12. The infringing 718 Advertisement copies and includes throughout it several distinct and original portions of "Jungle."

13. Specifically, Defendants copied the original drum rhythms from "Jungle" in the 718 Advertisement. The drum rhythms in both consist mainly of kick drum on beats 1 and 3 with the note on beat 3 preceded by a sixteenth note, and a combination of snare and handclaps on the back beats. The kick/snare patterns are substantially similar, and in some measures are identical.

**Drums**

[Musical notation showing drum patterns for "Jungle" 0:06 and "718 Cayman" 0:19, both in 4/4 time with kick and snare/clap annotations]

14. Defendants also copied the organ stabs from "Jungle," as both songs have organ stabs on the downbeats, usually playing a "I" chord or "i5" chord, and, in both, the chord ends with a brief downward glissando or "fall." Examples of these substantially similar organ stabs occur at 0:06 of "Jungle," and 0:19 of 718 Cayman.

6



15. Other substantial similarities include the background vocals on scale degree 1 ("Jungle" at 0:18 and Cayman 718 at 0:19), melodic rhythm at 0:40 of Cayman and the verse melody in "Jungle," both including scale degrees 7 7 1 1 1, and, in "Jungle," the vocal line leading into the chorus being "won't you follow me into the jungle," while in Cayman, the line "roll with me into the world," with "-to the jun-" and "-to the world" set to similar scale degrees (4-3-4) an octave apart.

16. The sheer number of substantial similarities between "Jungle" and the 718 Advertisement negate any suggestion of independent creation, and show Defendants intentionally copied "Jungle." Indeed, the copying goes to the heart of the elements of "Jungle" and represents a wholesale rip-off of the elements that make up the "Jungle" composition.

17. A license was never requested or acquired from Songs with respect to the interpolation of "Jungle" as described above, in the 718 Advertisement.

18. Defendants have been (without authorization from, or payment to Songs) distributing, reproducing, displaying, and publically performing the infringing 718 Advertisement resulting in substantial revenue for Defendants. The 718 Advertisement began airing, on information and belief, in the spring of 2016, and while created in the United States, has been distributed/broadcasted throughout the world.

19. At all relevant times, Defendants were fully aware that in order to lawfully use

7

"Jungle," the United States Copyright Act requires them to obtain authorization from the owner of the copyrighted work in the form of a license.

20. Notwithstanding this knowledge, Defendants, without acquiring the necessary license, have willfully disregarded the applicable laws by reproducing, distributing, displaying, and publicly performing the musical composition throughout the world.

21. On or about May 9, 2016, Defendants were given notice of the infringement, yet all of Defendants continue their infringing activities discussed above.

22. By copying, distributing, displaying, publically performing, synchronizing, creating derivative works, licensing and exploiting the 718 Advertisement without Songs' permission and without paying royalties to Songs, Defendants have infringed and trespassed on the exclusive rights in the musical composition "Jungle" granted to Songs under the Copyright Act.

23. Porsche and Cramer are practical partners in the creation of the 718 Advertisement and are jointly and severally liable for each other's profits, including indirect profits that resulted from the sale of the 718 Porsche automobile as a result of the success of the 718 Advertisement.

## COUNT I

### Direct, Contributory, and Vicarious Copyright Infringement of the Musical Composition "Jungle"

24. Plaintiff repeats and re-alleges each of the foregoing paragraphs, as though fully set forth herein.

25. Songs is the owner of all right, title, and interest in the musical composition "Jungle." The musical composition is properly registered with the United States Copyright Office.

26. Defendants did not seek or receive permission to copy or interpolate any portion of "Jungle" into the 718 Advertisement.

27. The 718 Advertisement copies original, quantitatively and qualitatively distinct,

important, and recognizable portion of "Jungle," said portions of which is protectable under the Copyright Act.

28. As a result of this copying, the 718 Advertisement is substantially similar to "Jungle."

29. The foregoing conduct of Defendants constitutes, among other things, the improper preparation of derivative works and direct, vicarious, and contributory infringement.

30. Defendants' conduct, including infringement, has been, and continues to be, willful and knowing.

31. With knowledge of the infringement, Defendants have induced, caused or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

32. In addition, Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that Defendants should be found to be vicariously liable.

33. The inclusion of these elements of "Jungle" greatly enhances the musical and financial value of the 718 Advertisement. The 718 Advertisement has been successful as a result of the inclusion of "Jungle," and Defendants are jointly and severally liable for all direct and indirect profits of each other. Defendants are also responsible for the damages of Songs by their failure to properly license "Jungle" for a world-wide advertising campaign.

34. Specifically, as a direct and proximate result of Defendants' conduct, Songs has suffered actual damages including lost licensing revenue, lost profits, lost opportunities, loss of goodwill, and lost publicity. Pursuant to 17 U.S.C. § 504(b), Songs is therefore entitled to damages, including the direct and indirect profits that Defendants derived from the 718 Advertisement.

9

Case 3:16-cv-03032   Document 1   Filed 11/25/16   Page 9 of 11 PageID #: 9

35. In the alternative, pursuant to 17 U.S.C. § 504(c), Songs is entitled to statutory damages for each willful infringement, as proven, up to the maximum of $150,000 for each infringement. Songs is also entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Songs irreparable injury that cannot be fully compensated or measured in money. Songs has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Songs is entitled to a permanent injunction prohibiting infringement of Song's copyrighted work and exclusive rights under the Copyright Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Songs prays for judgment against Defendants and for the following relief:

A.  A declaration that Defendants have willfully infringed Songs' copyrighted work in violation of the Copyright Act;

B.  A permanent injunction requiring Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or anyone of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Songs' rights protected by the Copyright Act;

C.  Pursuant to 17 U.S.C. § 504(b), Songs' actual damages, including Defendants' direct and indirect profits from the infringement, as will be proven at trial, including a finding that Defendants are "practical partners" of each other and jointly and severally liable for the profits of each other, or, in the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c) for each act of willful infringement;

D. A declaration that Defendants are directly, vicariously, and/or contributorily liable, as applicable;

E. Awarding Songs its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505;

F. For pre-judgment and post-judgment interest according to law, as applicable; and

G. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRAIL

Pursuant to Federal Rule of Civil Procedure 38(b), Local Rule 38.01, and otherwise, Songs respectfully demands a trial by jury.


Dated: November 25, 2016					By:	/s/Richard S. Busch_____
								Richard S. Busch (TN Bar 14594)
								KING & BALLOW
								315 Union Street, Suite 1100
								Nashville, Tennessee 37201
								Telephone: (615) 726-5422
								Facsimile: (888) 688-0482